## Township of Girard *versus* Borough of Girard.

1. Where parol evidence has been given by a plaintiff to show what were the claim made and the points contested in another action, it is not error to admit in evidence the record of said suit to elucidate the character and subject-matter of the action.

2. The burgess and one of the members of council of the borough of Girard, as the agents of the borough, with their own means procured as volunteers, seven men, at $300 each to fill the quota of the borough in the draft of the United States in 1864. Without the authority of the borough they transferred the credit of these men to the township of Girard, receiving $500 for each man. The borough brought an action on the case against them for violating their duty as its officers, in thus wrongfully transferring the credit of the seven men to the township, and recovered a judgment equivalent to the difference between the amount paid for the men and that received. The township then brought an action of assumpsit for this amount. *Held*, that the action of assumpsit would not lie.

3. *Held further*, that the suit could not have been maintained, even if the action of the borough against the burgess and councilmen had been an action *ex contractu*.

October 20th 1875. Before Agnew, C. J., Sharswood, Williams, Mercur, Gordon, Paxson and Woodward, JJ.

Error to the Court of Common Pleas of *Erie county:* Of October and November Term 1875, No. 49.

Assumpsit by the township of Girard against the borough of Girard. Defendant pleaded non assumpsit.

In 1864 the United States made a draft for men to fill its armies; the quota of the borough of Girard being fourteen. To fill this quota the borough authorities sent agents south to procure volunteers. While these agents were absent, and their success unknown, Leffert Hart, burgess, and L. S. Wright, one of the council of said borough, learned that there were in said borough six men who were willing to volunteer for a bounty of $300 each. There were then present in the borough but two of its council, L. S. Wright and Henry Ballard, and its burgess. Hart and these three not constituting a quorum, the question was discussed, whether it was best to accept these volunteers, sundry of the citizens urging the acceptance, which Hart and Wright favored, but from which Ball dissented, on .the ground that they had better wait until the agents, who had been sent in search of volunteers, could be heard from. Under these circumstances Hart and Wright secured the seven men towards filling the quota of the borough, if it should want them, and paid to each $300 out of their own funds. Afterwards, ascertaining that the agents of the borough had secured a sufficient number of men to fill its entire quota, without consultation with any of the other borough authorities, Hart and Wright transferred these seven men to the township of Girard, and caused them to be credited on the quota of the township; receiving for each man so credited the sum of $500. It appeared that, at the time of the transfer, Hart, who was the active man in making the same, stated to the agents of the township that the borough had

[Township of Girard *v.* Borough of Girard.]

no claim to the men; that he and Wright had paid for them with
their own money, and had the right to make the transfer.    On
June 5th 1865, the borough, claiming that Hart and Wright were
its agents in this transaction, demanded that they should refund to
the borough the money obtained from the township for the men
thus transferred, and afterwards, on September 5th 1865, com-
menced an action on the case against them, declaring that they, as
agents of the borough, had secured the seven men to fill *pro tanto*
its quota for $300 each, and, in violation of their duty, for a con-
sideration of $3500, had wrongfully procured the credit of the
seven men to be transferred from the quota of the borough to that
of the township, in which suit they recovered a verdict and judg-
ment against Hart and Wright for $1757, and collected the money.
This action was brought by the township to recover this amount
from the borough.    An arbitrator was chosen, before whom the
plaintiff, having given its evidence and rested, the defendant offered
a receipt of the attorney of the borough for the amount of the
above judgment with interest, which the arbitrator, under objection,
admitted.    First assignment of error.

Defendant further offered the record in the above-mentioned
suit, which was admitted under objection, the arbitrator ruling that
as the plaintiff had given parol evidence to show what was the pur-
pose of the suit and the real matters controverted therein, there-
fore the record should be admitted for a like purpose.    Second
assignment of error.

Defendant also proposed to show by Henry Ball, the secretary of
the council of the borough, that there never was any authority
given to Hart and Wright to transfer the seven men.    Evidence
admitted under objection.    Third assignment of error.

Also: to prove by same witness that the money received from
Hart and Wright was not claimed as money received by them for
the use of the borough, but as damages suffered by the borough in
having to put men into the service of the United States in 1865,
resulting from the official misconduct of Hart and Wright.    Ad-
mitted, under objection, as rebutting plaintiff's parol evidence of
what was claimed in that suit.    Fourth assignment of error.

The plaintiff submitted the following points, to which are
appended the answers of the arbitrator:—

1. Where an agent pays the money of his principal without
authority, and contrary to law, and this is known to the party
receiving it, it may be recovered back from the party so receiving
it by the principal.

Answer. I affirm this point, but I do not perceive its applica-
bility to the evidence in this case.

2. The road commissioners of the township of Girard, in the
transaction of buying and paying for these men, were *ex officio* the
agents of the township, and having paid to the defendant the sum
of $200 per man without authority from the township, and

[Township of Girard v. Borough of Girard.]

against the express provisions of the Act of March 1864, which expressly forbids the payment of more than $300 each for volunteers, and this being known to the defendants, plaintiff is entitled to recover from the defendants the amount received over and above the sum of $300 each for said seven men.

Answer. The road commissioners of the township of Girard were, by virtue of their office and sundry Acts of Assembly, authorized to hire and pay volunteers to fill its quotas in the army of the United States. I find no evidence that they acted in this matter "without authority from the township." Their acts therein are to be considered as the acts of the township to the extent of their legal authority. If they exceeded their authority in paying more money for volunteers than authorized by Act of Assembly (I do not decide that they did), it was wrong; but I cannot perceive how such a wrong could confer a right upon the township, or how the township, which received from the purchase all the benefits it expected to receive, can (particularly in the absence of all evidence of fraud or misrepresentation) recover back the money it voluntarily paid, after having received the whole benefits of the purchase.

3. When the borough of Girard claimed the $1400 received by Hart and Wright over and above the $300 paid to each of the seven men, it was in law a ratification of the act of Hart and Wright in the transfer of the seven men, and equivalent to precedent authority.

Answer. Whether the borough claimed for money had and received for its use by Hart and Wright, or claimed *ex delicto* in damage for violation of their duty, was a controverted question of fact. The record in evidence showed the claim to be in damages for tort. If it were *ex contractu*, for money had and received for the use of the borough, it would, as between the borough and Hart and Wright, be a ratification of the act of selling the credit of the men. But I cannot perceive how that would enable the plaintiff, who bought the men and got all it contracted for, to recover in this case.

The arbitrator then made an award that the plaintiff had no cause of action. The court subsequently overruled the exceptions thereto, and entered judgment on the award. The plaintiff then took this writ; its assignments of error being those heretofore noted, together with the answers to its points.

*Cutler & Hinds* for plaintiff in error.—The arbitrator erred in admitting the record. The township was neither a party nor privy in that case, and could in no manner interfere or control its proceedings, which were essential to make the record evidence : Greenleaf's Evidence, vol. 1, sects. 523, 525 ; Peterson *v.* Lothrop, 10 Casey 223. The arbitrator treated the case as though we were suing for money received by the borough of its agents, while our

[Township of Girard *v.* Borough of Girard.]

claim was for money received by the borough through its agents, which money was claimed by the borough on the sole ground that Hart and Wright were her agents. The course taken by the borough to recover the money received by its agents of the township cannot affect the rights of the plaintiff. The Act of March 25th 1864, Pamph. L. 87, did not authorize the road commissioners to pay a sum for volunteers in excess of $300 each, and all that was paid by the township above that sum, was without authority and contrary to law, and the corporation whose money is thus unlawfully paid may recover it back from the party who received it from its officer: Thomas *v.* Shoemaker, 6 W. & S. 183.

*S. E. & T. S. Woodruff,* for defendant in error.—The facts as found set forth no cause of action. This was an action of assumpsit. No express promise was alleged or proved. The arbitrator decided that the facts found by him raised no implied promise. He found that the borough sued, in an action on the case, her officers for a violation of their official obligations, which consisted in selling the property of the borough without its consent. But, if the action against Hart and Wright had been assumpsit for the identical money received by them from the township, this would constitute no such privity between the township and the borough as to warrant a recovery in this case: Stephens *v.* Badcock, 23 E. C. L. R. 160; Baron *v.* Husband, 24 Ibid. 123; Beach *v.* Morris, 12 S. & R. 16; Morrison *v.* Beckey 6 Watts 349; Guthrie *v.* Horner, 2 Jones 236; Finney *v.* Finney, 4 Harris 380; Campbell *v.* Lacock, 4 Wright 448.

The Act of 1864 did not restrict the road commissioners to any particular amount to be paid to volunteers.

Mr. Justice WOODWARD delivered the opinion of the court, October 1st 1877.

The various items of evidence specified in the first, second and fourth assignments of error were made relevant by the parol testimony, which had been given by the plaintiff, of the claim made and the points contested in the trial of the suit of the burgess and town council of the borough of Girard against Leffert Hart and S. L. Wright. The admission of the receipt for the amount of the judgment in that suit was certainly unobjectionable, for it showed the money which it was the object of this action to recover in the defendant's hands. Having made an issue in regard to the character and subject-matter of the former suit, it is difficult to see how the issue could be better elucidated than by the production of the record. Henry Ball's testimony was offered to meet the plaintiff's evidence of what occurred when the cause was tried. There was nothing in the testimony to contradict the record, or to vary the effect of any fact which it disclosed. That explanatory evidence of the occurrences at a former trial is admissible is well settled.

[Township of Girard *v.* Borough of Girard.]

It was held in Carmony *v.* Hoober, 5 Barr 310, that it might be shown by parol that the issue had not been tried upon its merits. In Stark *v.* Fuller, 6 Wright 320, parol testimony of facts, in aid of those shown by the record, that transpired in the argument and disposition of a motion for a new trial, was held to have been properly received.

Mr. Ball's testimony in regard to the authority of Hart and Wright, to the reception of which the third error is assigned, could have had no other effect than to tend to prove the negative of a fact the affirmative of which it was incumbent on the plaintiff to establish. The witness had been secretary of the council of the borough of Girard from 1864 to the time of the trial, and the offer was to prove that Hart and Wright had never been authorized to transfer to the township of Girard the seven men whom they had secured. Part of the offer was to show the result of an examination he had made of the minutes of the proceedings of the council. Undoubtedly the books containing the minutes would have been the best evidence, but objection was not made on that ground, and nothing appears to show that the books were not within the plaintiff's reach. No error in this particular that was at all material, or could have produced wrong results, can be gathered from the record.

The remaining assignments present the essential question in dispute. This is an action of assumpsit for money had and received. Under the call for troops made by the president on the 18th of July 1864, the quota of the borough of Girard was fourteen men. Seven men were procured at home, and agents were sent south for the others. In the absence of these agents, Hart, then the burgess, and Wright, a member of the council, undertook to act for the borough, and raised seven men to whom they paid three hundred dollars each. The agents abroad having obtained volunteers to fill the quota, Hart and Wright transferred to the township of Girard the credit for the seven men whom they had obtained, for the consideration of five hundred dollars for each man. An action of trespass on the case was subsequently brought by the borough against Hart and Wright to recover the money they had received from the road-masters of the township with whom the transfer had been negotiated. The declaration charged the defendants with a tort in wrongfully transferring to the township credit for seven citizens of the borough while they were "exercising the duties and responsibilities of burgess and member of the town council," and while they were acting as "public servants and agents for the borough." It appears by both reports of the case in 6 P. F. Smith 23 and 13 P. F. Smith 388, that the fact was established that by the action of the town council each member, as well as the burgess, was authorized to act as agent for the borough in procuring volunteers to fill the quota. This element of fact has not been found by

[Township of Girard *v.* Borough of Girard.]

the arbitrator, but it appears adequately from the declaration, as well as the statements in the reports of the case, that the claim of the borough against Hart and Wright was for damages for a breach of duty while they were acting as its agents. That this was the character of the claim, indeed, the arbitrator has expressly found. A judgment was finally obtained for $1757, and having been paid to the borough, this action has been brought by the township to recover the amount.

The Act of the 25th of March 1864, Pamph. L. 85, limited the amount of the bounty to be paid to each volunteer to a sum not exceeding $300. A previous act, passed on the 16th of March 1864, Pamph. L. 16, . authorizing the levy and collection of taxes to pay bounties to volunteers in the city of Erie and the boroughs and townships in the county of Erie, had fixed no limit to the amount that should be paid. It is insisted on behalf of the plaintiff that the transaction in question here was subject to the provisions of the general and not the special statute: and as the price paid by the road commissioners was $500 for each volunteer, it is contended that the contract was an illegal one, and that the amount paid in excess of that legally authorized is money had and received by the defendant for the plaintiff's use. On the other hand, the ground is taken by the defendant that for the guidance of the municipal authorities of Erie county, the Act of the 16th of March remained in force, and reliance is had on the rule stated in 6 Rep. 19, and adopted in Brown *v.* The County Commissioners, 9 Harris 37, that a general statute, without negative words, cannot repeal a previous statute which is particular, even though the provisions of the two be different. In view of the circumstances under which the Act of the 25th of March was passed, of the confused mass of special legislation in relation to bounties applying to different sections of the Commonwealth that was in existence, and of the broad and unqualified terms in which it was drawn, it is believed that it was designed to establish a pervading and exclusive system, and to supply and repeal the whole body of special statutes regulating the subject of taxation for bounty purposes.

Can the claim of the plaintiff be sustained upon the facts shown by the record? This is an action of assumpsit. The money demanded by the plaintiff was recovered in an action *ex delicto*, brought by the present defendant to recover damages from Hart and Wright for wrongfully transferring the credits for volunteers belonging to the borough over to the township. Whatever may have been the measure of damages applied by the jury in reaching their verdict, the fact still remains that the amount recovered was made up of damages and nothing else. The money paid out by the road commissioners, *eo nomine*, has not been traced to the defendant's hands. In the suit against Hart and Wright, it was solemnly

[Township of Girard v. Borough of Girard.]

decided, in the Common Pleas and by this court, that the borough had been wronged by the act of its agents, and had a right to recover to the extent of the injury suffered.   Is the plaintiff here entitled to take the money thus recovered under a claim utterly inconsistent with, and diverse from, any ground that was asserted in that suit?   Probably the road commissioners could have been made liable to the township for the wrongful exercise of their official functions.   Possibly the township could have recovered from Hart and Wright the amount which they illegally received.   Whether such an attempt to recover would have been a ratification of the act of the commissioners, and what would be the effect of a ratification that would have made the township a party to the contract, are questions which it is unnecessary now to discuss.   But the borough cannot be reached.   There was no privity of contract; there was no privity of relation; there was no community of participation in any act, between the borough and the township. The transaction on the part of the township was with Hart and Wright, and Hart and Wright were acting in violation of their duty to the borough.   The existence of a tort committed by the defendant, which the plaintiff may waive so as to maintain this action, must rest in pure invention.   There was no act on the borough's part to which the character of a tort can be imputed.   It was the victim of the wrong that was done, and it was for compensation in damages for that wrong that the verdict of the jury was rendered.   Broad as is the scope which has been given to the action of assumpsit for money had and received, it has never yet been extended so as to permit a plaintiff to recover from a defendant with whom he had never dealt, for a subject-matter which he could not identify or trace, and where no undertaking to pay could possibly have been assumed.   It was not the plaintiff's money of which the defendant obtained possession.   The amount recovered was the amount of damages ascertained to have been caused by Hart and Wright's fraudulent conduct.   The claim asserted here could only be supported by remoulding the judgment in the former action, and by reading in the record of it material facts which it did not contain.

All authority supports this conclusion.   Where there has been an express contract, the party injured may sustain an action of assumpsit, though the breach amount to a trespass, but unless there have been such contract, the plaintiff must resort to another form of action : 1 Ch. Pl. 95; Birch v. Wright, 1 Term Rep. 378. Henwood v. Cheeseman, 3 S. & R. 500, was an action for the use and occupation of land in New Jersey.   TILGHMAN, C. J., said :— " The plaintiff must prove a contract, or he fails; but this proof may be either direct or presumptive.   If he prove that the defendant occupied the land by his permission, it is enough; it will be implied that the defendant promised to pay a reasonable

[Township of Girard *v.* Borough of Girard.]

rent, but if the defendant came on as a trespasser, the plaintiff cannot recover in an action for the use and occupation." To sustain a count for money had and received it is necessary to prove that the money was actually received for the benefit of the plaintiff under such circumstances as to create a privity of contract between him and the defendant. Barlow *v.* Browne, 16 Meeson & Welsby 128. Where the purchaser of a ticket in the Derby lottery sold it to the plaintiff, and the horse named in the ticket proved to be the winner, whereby the holder became entitled to a prize in money, it was held that the plaintiff could not maintain an action for money had and received from the treasurer of the lottery, for, although he held the money for the benefit of the plaintiff, yet there was no privity between them : Jones *v.* Carter, 8 Q. B. 134. And so if money in litigation between two parties is paid over by mutual consent to a trustee or stakeholder for the party entitled, it can only be recovered by that party from the stakeholder, and not from the other party by whom it was claimed : Ker *v.* Osborne, 9 East 378. It is essential in this form of action also that the plaintiff should establish a claim to some particular or specific sum of money as having been received to his use : Scott *v.* Miller, 5 Scott 11 ; Harvey *v.* Archbold, 3 B. & C. 626. Here the elements of contract, privity and identification are all wanting.

Even if the borough had recovered from Hart and Wright the money paid them in an action *ex contractu*, still the suit of the township could not be maintained. The rights and liabilities of the borough would have been precisely those of the seven volunteers. Could the township have recovered the money from them if they had received it ? No law forbade them to demand all they could get for their services. So far as they were concerned, the transaction was obnoxious neither to any law nor any rule of policy. That the township officers paid more than they were authorized to pay was nothing to the volunteers, and is a matter with which the borough has no concern. The contract was fully executed. The township received and retained the consideration for the money paid in the services of the volunteers. They could not have been compelled to pay back the money if the contract had been made with them, and the borough stands in the position they would have occupied. The contract was not *per se* unlawful. There was nothing in the Act of the 25th of March 1864, to prevent a payment of $500 or any other sum to any volunteer, if funds for the purpose could be raised by private contribution. That act merely limited the amount to be borrowed on the credit of the township and to be repaid from taxes. The law imposed no restraint on the generosity or patriotism of the citizen when it fixed the limit of the taxpayers' liability. The right of the volunteers to receive and retain a bounty in excess of $300 cannot be doubted. The borough could be made liable only on principles that would apply

[Township of Girard *v.* Borough of Girard.]

to them.   Whatever the rights and remedies of the township of Girard may be, they cannot be enforced in this action.

Judgment affirmed.

AGNEW, C. J., and SHARSWOOD, J., dissent.