## Phœnixville Borough, Appellant, *v.* Miller.

*Road law—Curbing—Paving—Boroughs—Question for jury.*

The question whether curbing in a borough is a part of the paving of a gutter is a question of fact for the jury to be determined by what is the usual and customary way of paving a gutter in the borough, taken in connection with the ordinances on the subject.

Argued Nov. 20, 1906. Appeal, No. 162, Oct. T., 1906, by

plaintiff, from judgment of C. P. Chester Co., Aug. T., 1905, No. 103, for defendant non obstante veredicto in case of The Burgess and Town Council of Phœnixville Borough v. John B. Miller.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Reversed.

Scire facias sur municipal lien.   Before HEMPHILL, P. J. The facts are stated in the opinion of the Superior Court.

*Error assigned* was the judgment of the court.

*Gibbons Gray Cornwell*, with him *Samuel A. Whitaker*, for appellant.—The resolution of June 1, 1904, directing the street committee to notify defendant to curb and gutter his sidewalk, and the borough's notice of June 17, 1904, to defendant given in pursuance of said resolution, were a full compliance with the act of 1851, and rendered defendant, upon failure to do the work, liable to have it done for him by the borough, and to have a lien entered according to existing law : Black v. Roebuck, 17 Pa. Superior Ct. 324; Angle v. Stroudsburg Boro., 29 Pa. Superior Ct. 601; Howard v. Borough of Olyphant, 181 Pa. 191; State v. Jersey City, 27 N. J. L. 493 ; Merchants' Union Barb Wire Co. v. C., B. & Q. Ry. Co., 70 Iowa, 105 (28 N. W. Repr. 494) ; Butler v. Passaic, 44 N. J. L. 171.

If it be held that " general regulations " mean not specifications, but a formal ordinance of general application, requiring owners to curb when ordered, etc, (repeating, in substance, the act of 1851), we have the ordinance of 1874 and its supplement of 1879, supplying all these requirements as to guttering; and as the uncontradicted testimony is, that the necessary, usual and fit method (and the customary method in Phœnixville) of constructing a gutter is with a curb; curbing is properly included in guttering, and may be charged as a part thereof.   See Schenley v. Com., 36 Pa. 40; O'Leary v. Sloo, 7 La. Ann. 25 ; McNamara v. Estes, 22 Iowa, 246.

*J. F. E. Hause*, for appellee, filed no printed brief.

OPINION BY HENDERSON, J., February 25, 1907 : The borough of Phœnixville is subject to the general borough

Act of April 3, 1851, P. L. 320. That statute, among other things, gives a borough power "to require and direct the grading, curbing, paving and guttering" of streets by the owners of the abutting property in accordance with the general regulation instructions prescribed. The second section of an ordinance adopted June 17, 1858, enacted "That on all streets ordered to be curbed and paved, the sidewalks fronting all improved property shall be paved to the full width thereof," etc. An ordinance adopted July 22, 1874, requires that the owner or owners of any lot fronting on any of the streets, lanes, alleys or avenues in said borough shall furnish the necessary materials and pave the gutter or gutters along the said streets, avenues, lanes and alleys in front of his, her or their lots within thirty days after notice given by the council of the borough requiring said work to be done. The second section of the ordinance provides that the depth of the gutter from the "top of curbstone" shall not be less than seven inches unless otherwise ordered by the town council. A supplement to this ordinance, adopted August 2, 1879, provides in the first section that gutters shall be paved with good flat stone or hard brick on edge, and in the second section that the gutters shall not be less than seven inches deep "at the curb" and three inches on the outside unless otherwise ordered by the town council, nor of a less width than eighteen inches. By an ordinance approved August 2, 1893, the width of Bridge street was fixed at thirty feet "between curb lines," and the sidewalks at ten feet on each side of the street. On June 1, 1904, a resolution was passed by the borough council instructing the street committee to notify the defendant, among others, to curb and gutter his sidewalk on Bridge street, and notice was given to him to comply with that resolution. The borough performed the work after the defendant neglected so to do, and this action was brought to enforce a lien therefor. The defendant contended at the trial that the borough had no ordinance requiring curbing; that the town council had no power to compel him by resolution to curb, and that the lien was consequently entered without warrant of law. After a verdict for the plaintiff judgment was entered for the defendant non obstante veredicto, the learned judge being of the opinion that the borough had no ordinance or legislative enactment requiring the curbing of its streets by abutting lot

owners.   This conclusion does not take into consideration the fact that a curb may be a necessary or usual part of a sidewalk or gutter.   A borough ordinance required that the gutters along the streets be paved in the manner therein prescribed.   What constitutes the pavement of a gutter is a question of fact, and evidence was offered at the trial to show that the usual and customary way of paving a gutter in this borough was with a curb and paving, and that the curb was a proper and fit part of such paving.   Among the regulations of the ordinance of July 22, 1874, is the requirement that the depth of the gutter shall not be less than seven inches from the top of the curb-stone.   There is both direct evidence as to the use of the curb as a part of the gutter pavement and a clear implication in the ordinance that a curbstone is to be used in connection with such paving.   Moreover, it is a matter of common knowledge that curb stones are generally used in paving streets and side-walks, and that if not absolutely necessary they are convenient and desirable in connection therewith.   It is not for the court to say as a matter of law that the curb is not a part of the gut-ter pavement.   Whether it is so is a question for a jury, and the only evidence offered on that subject at the trial was to the effect that the curb was a part of the pavement.   It was held in Schenley v. Com., 36 Pa. 29, that the power to pave included the power to furnish and do all that is necessary, usual or fit for paving, and that whether a curbstone was usually included in paving was a question of fact.   We are of the opinion that both under the ordinances above referred to and the uncontra-dicted evidence presented at the trial the defendant is liable for the cost of the curbing.

The judgment is, therefore, reversed, and judgment is now entered on the verdict in favor of the plaintiff.